IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01345-WYD-CBS

MARC VORBECK, an individual,

    Plaintiff,

v.

SHARYN WYNTERS and RAY WALL, co-founders of the Estate of George M. "Wilk" Wilkinson;
SHARON WINTERS and RAY WALL, co-trustees of the George M. "Wilk" Wilkinson Trust;
RAY WALL, an individual; and
FIDELITY TRUST BUILDING, INC., an Idaho corporation,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on the Notice of Removal (docket #1), filed June 26, 2008.  By way of background, this case arises from allegedly false representations made by Defendants in settling a civil action against Wilkinson and Fidelity in Pitkin County District Court, Case Number 02CV36.

On June 26, 2008, the Defendants filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Defendants asserted therein that the amount in controversy requirement was satisfied.  Further, Defendants asserted that while Plaintiff is a resident of the State of Colorado, Sharyn Wynters is a citizen of the State of California.  Ray Wall is a citizen of Oklahoma.  The Estate of George M. "Wilk" Wilkerson is administered in California.  The George M. "Wilk" Wilkerson trust is

administered in California. The Fidelity Trust Building Inc. is a corporation incorporated and existing under and by virtue of the laws of Idaho, having its principal place of business in California.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendants to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id.* The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Thus, I turn to the notice of removal. The notice of removal fails to allege any specific amount of damages. Instead, the notice merely states that the

> The matter in controversy exceeds $75,000, exclusive of interest and costs.

(Notice of Removal ¶ 5.)

I find that the notice of removal's vague statement in connection with the amount

in controversy is not sufficient to establish that the jurisdictional amount is satisfied. The amount in controversy has not been affirmatively established on the face of either the petition or the notice of removal as required by 28 U.S.C. § 1332(a)(1). Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, Pitkin County, Colorado from which the case was removed.

Dated: July 16, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge